INDIANA DEPARTMENT OF STATE REVENUE, Appellant, (Respondent below),

v.

CHROME DEPOSIT CORPORATION, Appellee, (Petitioner below).

No. 49S00–9010–TA–655.

Supreme Court of Indiana.

Sept. 20, 1991.

Linley E. Pearson, Atty. Gen., Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for appellant.

James H. Hanson, Lynne D. Lidke, Scopelitis, Garvin, Light & Hanson, Indianapolis, for appellee.

KRAHULIK, Justice.

The Indiana Department of State Revenue ("Department"), Appellant (Respondent below), appeals an adverse decision of the Indiana Tax Court granting summary judgment in favor of Chrome Deposit Corporation ("Chrome Deposit") determining that Chrome Deposit is engaged in the business of manufacturing a product which is directly consumed by a purchaser and, consequently, that the low rate for gross income tax as well as a sales tax exemption for utilities, machinery tools and equipment used in manufacturing should be allowed. *Chrome Deposit Corp. v. Ind. Dept. of State Revenue* (1990), Ind.Tax, 557 N.E.2d 1110.

The Department urges reversal of the tax court's entry of summary judgment for two reasons. First, the Department contends that there were issues of fact present in the case which precluded the entry of summary judgment. Secondly, the Department contends that the tax court erred as a matter of law because Chrome Deposit does not "manufacture" a "product" which is "consumed" by a purchaser. Thus, contends the Department, both the low rate for gross income tax as well as the exemption for utilities, machinery, tools and equipment are not available to Chrome Deposit.

■ As to the first issue raised by the Department—the procedural propriety of determining this case on summary judgment—the case was presented to the tax court on the affidavits of two of Chrome Deposit's officers, as well as the deposition of one of those affiants. In its brief in opposition to the motion for summary judgment, the Department stated that it "does not dispute the basic description of Chrome Deposit's activity as set forth by the Kroeger and Brissette affidavits, so long as the additional material facts brought out in Kroeger's deposition are also considered." The Department argues that several statements in Kroeger's deposition support a reasonable inference that Chrome Deposit's business is correctly termed "service," and not "manufacturing." Therefore, the Department contends, the tax court necessarily weighed conflicting inferences and impermissibly made a factual finding. We do not agree with either the Department's premise or its conclusion. We do not perceive that the tax court drew factual inferences from any of the material submitted, but properly drew legal conclusions from the facts contained within the affidavits and deposition. We believe that the tax court did not err in determining this case in summary fashion.

■ With regard to the second issue raised by the Department, whether Chrome Deposit is in the business of manufacturing a product consumed by its customers, we agree with the tax court's decision. In fact, we cannot improve on the stated reasoning and legal conclusions contained within that decision. For that reason, we affirm the decision of the tax court and adopt and incorporate by reference such decision.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.